# UNITED STATES DISTRICT COURT

for the

Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>ONE SAMSUNG GALAXY FLIP 4 PHONE (IMEI: 352032771174528) CURRENTLY LOCATED AT 45764 LANDON RD., WELLESLEY ISLAND, NY, DESCRIBED IN ATTACHMENT A | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 5:23-MJ-597 (ATB) |

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Oct 19 - 2023
John M. Domurad, Clerk

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

ONE SAMSUNG GALAXY FLIP 4 PHONE(IMEI: 352032771174528) CURRENTLY LOCATED AT 45764 LANDON RD., WELLESLEY ISLAND, NY, DESCRIBED IN ATTACHMENT A

located in the ___Northern___ District of ___New York___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Sections 1324(a)(1)(A)(i), (ii) & (v) and 1325(a) | Alien Smuggling, Conspiracy to Commit Alien Smuggling and Illegal Entry into the United States |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Peter T. Lombardi, II, United States Border Patrol Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 10/19/2023

*Judge's signature*

City and state: Syracuse, New York     Hon. Andrew T. Baxter, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ONE SAMSUNG GALAXY Z FLIP 4 PHONE (IMEI: 352032771174528) CURRENTLY LOCATED AT 45764 LANDON ROAD, WELLESLEY ISLAND, NEW YORK 13640 | Case No. 5:23-MJ-597 (ATB)<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION FOR A SEARCH WARRANT**

I, Peter T. Lombardi II, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of one Samsung Galaxy Z Flip 4 IMEI 35032771174528 (hereinafter "the Device"), which is currently in the custody of U.S. Border Patrol at 45764 Landon Road, Wellesley Island, NY 13640, and the extraction from that property of electronically stored information more fully described in Attachment A.

2. I am a Border Patrol Agent-Intelligence (BPA-I) with the United States Department of Homeland Security (DHS), Bureau of Customs and Border Protection (CBP), United States Border Patrol (USBP), Buffalo Sector Intelligence Unit and assigned to the Wellesley Island Border Patrol Station. I have been a Border Patrol Agent since February 2019. My primary duty is to assist in the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border

Patrol Agent's authority to interrogate any alien or person believed to be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. To enforce these laws, I have received training at the Federal Law Enforcement Training Center in Artesia, New Mexico in Law, Operations, Firearms, Driving Techniques, and Physical Techniques.

3. I have investigated violations of the Immigration Nationality Act (INA) including illegal entry of aliens in violation of Title 8, United States Code, Section 1325, and the smuggling of aliens in violation of Title 8, United States Code, Section 1324. I have written and executed search warrants for electronic devices and have reviewed the evidence contained within. I have analyzed data and information from electronic devices and presented that data as evidence during criminal investigations.

4. The applied-for warrant would authorize the forensic examination of the Device, as more fully described in Attachment A, for the purpose of identifying electronically stored data more fully described in Attachment B. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of Title 8, United States Code, Section 1324 (alien smuggling and conspiracy to commit same) have been committed by ROJAS-CRUZ, Alejandro. There is also probable cause to search the property described in Attachment A, for evidence of these crimes as described in Attachment B.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**PROBABLE CAUSE**

6. The United States, including CBP, are investigating Alejandro Rojas-Cruz, regarding violations of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I), conspiracy to transport illegal aliens further into the United States (collectively, the "Subject Offenses").

7. ROJAS-CRUZ was arrested on October 9, 2023, upon probable cause that he was conspiring to transport undocumented migrants in furtherance into the United States. Upon his arrest, the "Device" was seized incident to his arrest and there is probable cause to believe that the Device was an instrumentality being used to commit the Subject Offenses and has evidence of the Subject Offenses. As a result, there is probable cause to search the Device for evidence of these crimes, as described further below.

8. On October 09, 2023, at approximately 12:00 a.m., The Wellesley Island Station (WIB) Targeted Enforcement Unit (TEU) relayed information to the on-duty Supervisory Border Patrol Agent (SBPA) that there was a vehicle matching criteria for human smuggling traveling south through Philadelphia, NY on State Route 11.

9. On October 09, 2023, Border Patrol Agent (BPA) Craig Smithers and BPA Eric Vaughn were working their assigned duties in Jefferson County, New York near the area of Theresa, NY (Zone 49) on State Route (SR) 26 and (SR) 11 South as part of the Wellesley Island Station (WIB) area of responsibility (AOR).

10. At approximately 11:00 p.m., WIB Agents received information that a black Chevrolet Tahoe bearing Wisconsin license plate RG5457 was travelling southbound from Trout River, New York. TEU received information that the Tahoe fit current Tactics, Techniques, and Procedures (TTPs) for vehicles being used for migrant/narcotics smuggling. TEU Agents recognized this information and contacted their on-duty SBPA at WIB.

11. Further information received prior to the vehicle stop indicated this Tahoe had travelled north on today's date through western New York and continued northeast through Waddington, New York along the U.S/Canada International Boundary. This area has been the origin of multiple migrant and narcotic smuggling cases recently apprehended by the WIB TEU and WIB Agents.

12. This area is a prime location for migrants or narcotics to be smuggled across the International Boundary due to its remote and rural landscape, as well as being directly south of the large metropolitan city of Montreal, Canada and being on or near Akwesasne Indian Territory land.

13. Further information relayed to WIB agents revealed the Tahoe had remained near the border area and on or near the Akwesasne Indian Territory for approximately one hour before making its way southbound. This amount of time spent near the remote border and Native American Reservation area this late at night is common for migrant and narcotic smugglers while they wait for a vehicle to be loaded.

14. At approximately 12:15 a.m., BPA Smithers observed the Tahoe pass his location traveling south near Philadelphia, New York at the intersection of (SR) 26 and (SR) 11. The license plate on the Tahoe matched the license plate of the vehicle that WIB TEU had been given information on. This information was verified by BPA Smithers. BPA Smithers pulled behind the Tahoe, activated his emergency lights and sirens and conducted a vehicle stop.

15. BPA Smithers and BPA Vaughn approached the vehicle, identified themselves as United States Border Patrol Agents, and questioned the occupant as to his citizenship. The driver identified himself as ROJAS-CRUZ, Alejandro, and he stated he was a citizen of Mexico. ROJAS-CRUZ could not provide any documentation that would allow him to be present in the United States legally and willfully admitted to BPA Smithers and Vaughn that he was in the U.S. illegally.

16. BPA Smithers and BPA Vaughn noticed six other subjects in the vehicle along with ROJAS-CRUZ. These six subjects were questioned to their citizenship by BPA Smithers and BPA

Vaughn. All six subjects stated they were from Mexico and admitted to being in the United States illegally.

17.     ROJAS-CRUZ was asked to exit the vehicle and was placed under arrest at approximately 12:49 a.m. by BPA Smithers for violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I) [Conspiracy to transport and smuggle illegal aliens further into the United States].

18.     Soon thereafter, Border Patrol Agents placed the remaining six other subjects under arrest. Border Patrol Agents assumed custody of the vehicle and all the personal belongings and transported the subjects and belongings back to the Wellesley Island Border Patrol Station.

19.     ROJAS-CRUZs vehicle was inventoried and towed to the Wellesley Island Border Patrol Station. The black 2016 Chevrolet Tahoe was seized per Buffalo Sector guidelines.

20.     At the Wellesley Island Border Patrol Station, ROJAS-CRUZ and his personal belongings were searched for weapons and other illicit contraband. During this search, the Device—a black Samsung Galaxy 2 Flip 4 cellular telephone, with IMEI 352032771174528—was seized from the person of Alejandro Rojas-Cruz.

21.     Based on my training and experience in this and other cross-border criminal investigations in which I have been involved, including investigations of individuals entering the United States illegally, individuals crossing the border illegally will often use cellular telephones to communicate and coordinate with someone picking them up once in the United States or to inform other individuals that they have successfully crossed the border. Individuals involved in crossing the border illegally often use a cellular telephone's GPS function to search for and map out potential crossing and pickup locations and to navigate to such places. An additional function of cellular telephones that can be utilized by individuals crossing the border illegally includes the camera. Individuals will often take photos of where they are crossing the border illegally.

22. Additionally, smugglers often communicate with each other using cellular phones to coordinate smuggling events. Smartphones, such as the Device, can also be used to access social media. Based on my training, knowledge, and experience of alien smuggling, I know that social media platforms, such as Facebook, are often used by smugglers to find customers and for communication between smugglers and aliens illegally entering the United States.

23. The Device is currently in the lawful possession of the United States Border Patrol and has been since October 9, 2023. I seek this warrant to be certain that further examination of the Device will comply with the Fourth Amendment and other applicable laws.

## TECHNICAL TERMS

24. Based on my training and experience, I use the following technical terms to convey the following meanings:

a. IP Address: The Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. Based on my training, experience, and research, I know that cellular phones have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

25. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

26. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.

9

Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

27. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant. The examination will be performed by representatives from the Department of Homeland Security and their designees.

28. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

29. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*Peter T. Lombardi II*
_____
Agent Peter T. Lombardi II,
United States Border Patrol

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on October __19__, 2023 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_Andrew T. Baxter_
_____
Hon. Andrew T. Baxter
United States Magistrate Judge

## ATTACHMENT A

### Location and Item to be Searched

The location and item to be searched is:

    a. Samsung Galaxy Z Flip 4 Phone (IMEI 352032771174528)

The Device is currently in the custody of U.S. Border Patrol at 45764 Landon Road, Wellesley Island, NY 13640. This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

## Particular Things to be Seized

1. With respect to each phone, all records that relate to violations of Title 8 U.S.C. § 1324(a)(1)(A)(i), (ii) and (v) and Title 8 U.S.C. § 1325(a), regarding alien smuggling, a conspiracy to commit alien smuggling, and illegal entry into the United States, including:

   a. Listings of incoming and outgoing calls with corresponding date/time of calls;

   b. Stored telephone and address directories;

   c. Direct connect and identification numbers;

   d. Pictures and videos;

   e. Audio recordings;

   f. Voice mail recordings;

   g. Location and GPS data;

   h. Instant messaging and related stored communications including WhatsApp and other encrypted messaging providers;

   i. SMS messages and related stored communications; and,

   j. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history/

    k.   Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2.   As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.